IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TEKSYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: 08 C 5476 |
| v. | ) | |
| | ) | Suzanne B. Conlon, Judge |
| MODIS, INC., BRIAN PELLIGRINI, JASON | ) | |
| LUKAS, and ROBERT J. RUF, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

TEKsystems, Inc. ("TEKsystems") sues its former employee Brian Pelligrini for breach of

his employment agreement (Count I), misappropriation of trade secrets (Count IV), and tortious

interference with TEKsystems' contractual relationships (Count V). TEKsystems alleges

Pelligrini accepted a position with its competitor, Modis, Inc. ("Modis"), solicited former

employee and defendant Jason Lukas for a position with Modis, and directed Lukas to give

TEKsystems' customer information to Modis. Pelligrini moves to dismiss the complaint for lack

of personal jurisdiction. For the reasons set forth below, the motion is denied.

## BACKGROUND

The following facts are derived from TEKsystems' complaint, the declaration in support

of Pelligrini's motion to dismiss, and the affidavit in support of TEKsystems' opposition to the

motion. TEKsystems and Modis compete in the field of information technology and

communications consulting services and staffing. Both companies provide temporary and

permanent staffing services to clients in various industries. TEKsystems developed and

maintains business methods and sales strategies systems. It relies on confidential client

databases that include information such as staffing preferences, previous staffing bids, a company's internal organizational information, and unique business practices or technical requirements.

Pelligrini worked for TEKsystems as an assigned recruiter and contract manager in its Detroit, Michigan office and then an account manager in its Southfield, Michigan office from August 2000 to March 2006. Pelligrini signed an employment agreement with TEKsystems containing noncompete, nonsolicitation, and nondisclosure provisions. Compl. ¶¶ 24-31 and Ex. A. In March 2006, Pelligrini resigned and became the managing director of Modis' Detroit office. Pelligrini recently moved to Minnesota and became the managing director of Modis' Minneapolis office.

Pelligrini never worked or lived in Illinois, never reported to anyone in Illinois, does not hold any Illinois licenses or certifications, and was never responsible for servicing clients in Illinois. Pelligrini Decl. ¶¶ 3-5. Pelligrini has been to Illinois twice, once for a wedding, and once for a client meeting unrelated to the allegations in this complaint. Pelligrini Decl. ¶ 6.

During summer 2007, Modis opened a Chicago office. Pelligrini told Tim Cebula, managing director of Modis' Chicago and Oak Brook offices, to contact and interview Jason Lukas for the OakBrook office. Compl. ¶ 62. At the time, Lukas was an account manager in TEKsystems' Downers Grove office. Pelligrini and Lukas are close friends, and had worked together at TEKsystems' Detroit office. Overly Aff. ¶ 6. After Pelligrini left TEKsystems, he remained in contact with Lukas, and encouraged him to work for Modis. Compl. ¶ 59.

Cebula subsequently interviewed Lukas, but before Cebula extended him an offer, Modis' regional senior vice-president Jim Sweeney told Cebula that Lukas was hired to be the recruiting

director in Modis' Detroit office. Compl. ¶¶ 62-63. According to Pelligrini, he received no remuneration or other benefit for soliciting Lukas to work for Modis, and all contacts with Lukas regarding potential employment with Modis were solely in furtherance of Modis' business. Pelligrini Decl. ¶ 9.

TEKsystems alleges that on or about July 29, 2007, after accepting a position at Modis, but before notifying TEKsystems, Lukas attached a hard drive to his TEKsystems laptop computer and, on information and belief, downloaded TEKsystems' confidential and trade secret customer information. Compl. ¶ 64. At some point before the middle of November 2007, after Lukas started working for Modis, Sweeney telephoned Cebula in Chicago and told him to expect a visit from Lukas. Compl. ¶ 66. Sweeney told Cebula that Lukas would bring Teksystems' information, and instructed Cebula to review the information with Lukas. Compl. ¶ 66. Pelligrini also advised Cebula that Lukas would be visiting the Modis Chicago office and bringing TEKsystems' client information. Compl. ¶ 67. Pelligrini encouraged Lukas to bring client information from TEKsystems' Downers Grove and Chicago offices for disclosure to, and use by, the Modis Chicago office. Compl. ¶ 88. Pelligrini denies these allegations. Pelligrini Decl. ¶ 7.

In approximately November 2007, after he started working for Modis, Lukas met with Cebula, and downloaded a file called "Chicago Data" to Cebula's computer. Compl. ¶ 68. The data included confidential TEKsystems client information, client job order history, and detailed client technology spending information. Compl. ¶ 69. The information was everything a salesperson would need to start calling upon a new account. Compl. ¶ 71. Information from the

Chicago Data file was later added to Modis' intranet system for tracking clients and candidates. Compl. ¶ 73.

## DISCUSSION

### I.    Legal Standard

A Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction tests whether a federal court has personal jurisdiction over a defendant. *See* Fed. R. Civ. P. 12(b)(2). In ruling on a Rule 12(b)(2) motion to dismiss, matters outside the pleadings, such as declarations, may be considered. *See Purdue Research Found. v. Sanofi-Synthlabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). The plaintiff bears the burden of establishing that personal jurisdiction exists. *Id.* In determining whether the plaintiff has met its burden, all factual disputes are resolved in plaintiff's favor. *Id.*

### II.    Personal Jurisdiction

Pelligrini argues TEKsystems cannot establish personal jurisdiction over him because he has never lived or worked in Illinois, and has had minimal contact with the state. A federal court sitting in diversity has personal jurisdiction only where a court of the state in which it sits would have such jurisdiction. *Citadel Group Ltd. v. Wash. Reg'l Med. Ctr.*, 536 F.3d 757, 760 (7th Cir. 2008). In determining whether personal jurisdiction exists, Pelligrini's contacts with Illinois must satisfy the Illinois long-arm statute, and the Illinois and federal constitutions. *Id.* The Illinois long-arm statute contains a "catch-all" provision allowing the exercise of personal jurisdiction on any basis permitted by the Illinois and federal constitutions. 735 ILCS 5/2-209(c). Thus, federal constitutional limits on jurisdiction are instructive to measure the reach of Illinois due process. *See Citadel Group*, 536 F.3d at 760-61. A defendant must have minimum contacts

with the forum state so that the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement*, 326 U.S. 310, 316 (1945) (citation omitted).

Jurisdiction may be general or specific. TEKsystems contends specific jurisdiction exists. Specific jurisdiction is established if TEKsystems demonstrates that Pelligrini "purposefully established minimum contacts" with Illinois and should "reasonably anticipate being haled into court" in Illinois based on his conduct. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985); *World-Wide Volkswagon Corp. v. Woodsen*, 444 U.S. 286, 297 (1980). These contacts may not be merely fortuitous or attenuated. *Citadel Group*, 536 F.3d at 761.

Personal jurisdiction over Pelligrini is appropriate with respect to TEKsystems' breach of contract action (Count I). Pelligrini solicited Lukas – an Illinois resident – to leave TEKsystems' Downers Grove, Illinois office to work for Modis in its Illinois office. Lukas left TEKsystems to join Modis. Pelligrini could reasonably anticipate being haled into an Illinois court on the basis of these contacts. *See Arnold v. Goldstar Financial Sys., Inc.*, No. 01 C 7694, 2002 WL 1941546, at *5 (N.D. Ill. Aug. 22, 2002) (Gottschall, J.) (active solicitation of a forum resident customer resulting in single agreement sufficient to establish personal jurisdiction).

Pelligrini was not required to be physically present in Illinois during the solicitation to establish personal jurisdiction. A nonresident's mailings or telephone calls combined with an intent to affect Illinois interests are a sufficient basis for jurisdiction. *See FMC Corp. v. Varonos*, 892 F.2d 1308, 1311-13 (7th Cir. 1990). Assuming the truth of TEKsystems' allegations, Pelligrini's conduct was intended to affect TEKsystems' employment relationship with Lukas in its Downers Grove, Illinois office.

Personal jurisdiction over Pelligrini is appropriate with respect to TEKsystems'

misappropriation of trade secrets (Count IV) and tortious interference with contractual

relationships (Count V) claims based upon the effects doctrine. Under the effects doctrine,

personal jurisdiction over a nonresident defendant is proper when defendant's intentional tortious

actions aimed at the forum state cause harm to plaintiff in the forum state. *See Calder v. Jones*,

465 U.S. 783, 788-90 (1984). The effects doctrine is interpreted broadly to permit the state in

which the injury (and therefore the tort) occurs to entertain the suit, even if all other relevant

conduct occurred outside the state. *Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1202-03 (7th Cir.

1997).

Pelligrini engaged in sufficient minimum contacts with Illinois to satisfy personal

jurisdiction requirements. Pelligrini solicited Lukas to breach his employment agreement, and

encouraged him to misappropriate TEKsystems' customer information from its Downers Grove,

Illinois office. After Modis hired Lukas, Pelligrini was involved in coordinating Lukas' delivery

of the customer information to Modis' Chicago office. Pelligrini denies these allegations, but all

factual disputes must be resolved in favor of TEKsystems. *See Purdue Research Found.*, 338

F.3d at 782. According to TEKsystems, it suffered injury in Illinois from the compromise of the

"Chicago Data." Under these circumstances, it was foreseeable that Pelligrini would be required

to answer for his alleged conduct in Illinois.

Regarding the tortious interference with contractual relations claim (Count V), Pelligrini

nevertheless argues that because the injury is economic, rather than physical or emotional,

TEKsystems must demonstrate he had an intent to affect an Illinois interest, citing *Real Colors ,*

*Inc. v. Patel*, 974 F. Supp. 645, 649-50 (N.D. Ill. 1997) (Keys, M.J.); *Pendelton v. Germino*, No.

6

95 C 2350, 1995 WL 493449, at *8 (N.D. Ill. Aug. 15, 1995) (Nordberg, J.). Pelligrini argues he

had no intent to affect any Illinois interest because his telephone calls to Illinois did not involve

misrepresentations. Personal jurisdiction may be established by misrepresentations during a

telephone call to Illinois resulting in an injury in Illinois. *Real Colors*, 974 F. Supp. at 649-50;

*Pendelton*, 1995 WL 493449, at *8. But Pelligrini's argument ignores TEKsystems' allegations

– that Pelligrini intentionally and unjustifiably interfered with Lukas' employment agreement by

soliciting Lukas and encouraging him to misappropriate TEKsystems' trade secrets for the Modis

Chicago office. Compl. ¶ 141. TEKsystems' allegations establish an intent to affect an Illinois

interest.

Once minimum contacts have been established, Pelligrini may defeat jurisdiction by

making a compelling case that forcing him to litigate in Illinois would violate traditional notions

of fair play and substantial justice. *Logan Prods., Inc. v. Optibase, Inc.*, 103 F.3d 49, 53 (7th Cir.

1996). Factors relevant to this inquiry are the burden on the defendant, the interests of the states

involved, and the plaintiff's interest in obtaining relief. See *World-Wide Volkswagon Corp.*, 444

U.S. at 292. The parties do not address these issues. Pelligrini has not met his burden at this

stage to overcome jurisdiction.

**III.    Fiduciary Shield Doctrine**

Pelligrini argues alternatively that the fiduciary shield doctrine precludes the exercise of

jurisdiction over him because his contacts with Illinois were on behalf of Modis as its fiduciary.

The fiduciary shield doctrine precludes jurisdiction over a nonresident defendant who has

performed acts in Illinois solely as a representative of his employer, and not for his personal,

pecuniary or non-pecuniary benefit. *Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 912 (7th Cir.

1994); *Rollins v. Ellwood*, 565 N.E.2d 1302, 1316 (Ill. 1990). The shield is withdrawn if the agent was acting at all on his own behalf. *Rice*, 38 F.3d at 912. And it does not apply when the employee's acts are discretionary. *Clearclad Coatings, Inc. v. Xontal Ltd.*, No. 98 C 7199, 1999 WL 652030, at *18 (N.D. Ill. Aug. 20, 1999) (Pallmeyer, J.). Although Illinois courts have recognized the fiduciary shield doctrine, the Seventh Circuit has observed that the doctrine has been criticized and rejected by many jurisdictions. *Rice*, 38 F.3d at 912. The doctrine is not absolute; rather, it is discretionary and equitable. *Id.* at 914.

Pelligrini purportedly received no pecuniary benefit from his alleged solicitation, although TEKsystems argues his close friendship with Lukas provided the requisite benefit under the doctrine. Pelligrini does not assert that Modis directed him to solicit Lukas, or encouraged him to provide confidential customer information to Modis. Indeed, Modis denies that its management instructed Pelligrini to do this. Docket No. 51, Modis Answer ¶¶ 87-88. A reasonable inference may be drawn that Pelligrini exercised his discretion in soliciting Lukas. Equity does not warrant application of the fiduciary shield doctrine to preclude personal jurisdiction over Pelligrini.

### CONCLUSION

TEKsystems pleads sufficient minimal contacts to establish personal jurisdiction over Pelligrini for breach of his employment agreement (Count I), misappropriation of trade secrets (Count IV), and tortious interference with TEKsystems' contractual relationships (Count V). Pelligrini does not establish that exercise of jurisdiction over him would violate traditional notions of fair play and substantial justice. Application of the fiduciary shield doctrine is not warranted.

ENTER:

Suzanne B. Conlon
United States District Judge

December 5, 2008